### In re TRACY.

(Supreme Court, Appellate Division, First Department.  May 3, 1912.)

ATTORNEY AND CLIENT (§ 58*)—MISCONDUCT OF ATTORNEY—FAILURE TO ACCOUNT.

Where an attorney fails to properly account for money collected by him for a client, and he is 71 years of age and was seriously sick while the money was unpaid, and payment was made after commencement of the proceedings, a severe censure only will be inflicted.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 76–78; Dec. Dig. § 58.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of charges against Rollin Tracy, an attorney, of professional misconduct. Judgment of censure.

See, also, 133 N. Y. Supp. 1147.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Paul M. Herzog, of New York City, for petitioner.

Eugene Frayer, of New York City, for respondent.

PER CURIAM. The respondent in this case was charged with having received, on account of two clients, several small sums of money, which he failed to pay to them and were not paid until after the commencement of these proceedings. The respondent did not take the stand on his own behalf, and the charges against him were proved by undisputed testimony.

The respondent is 71 years of age, having been admitted to practice in 1863, and during a large portion of the time that this money was unpaid was seriously sick. The official referee, while finding that the respondent was guilty of the charge, has recommended that, in view of the extenuating circumstances detailed in his report, the respondent be treated with clemency.

While we cannot too strongly condemn the conduct of the respondent, and severely censure him for his failure to properly account to his clients for the money that he had collected, we adopt the suggestion of the referee, and with this censure take no further proceedings.

———

ANDERSON et al. v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

ATTORNEY AND CLIENT (§ 126*)—SETTLEMENT BY ATTORNEY.

Where attorneys of record received money from their client under an agreement to apply it primarily to the costs and disbursements, the Supreme Court, under its power to compel attorneys to deal fairly with clients, should have compelled such attorneys to refund to the clients any surplus of the amount advanced as agreed.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 264–273; Dec. Dig. § 126.*]

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

